UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.

RUSSELL KROBOTH,
Plaintiff,

v.

YAK AMERICA, INC., a
Florida corporation,

PROFITEC, INC., a Connecticut
Corporation,

CIPHERNETWORKS INC., a
Canadian corporation,

easyDNS Technologies, a
Canadian corporation,

and

CHARLES ZWEBNER,
Individually,

Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff, RUSSELL KROBOTH, by and through undersigned counsel, brings this Complaint against defendants, YAK AMERICA, INC., a Florida corporation, PROFITEC, INC., a Connecticut Corporation, CIPHERNETWORKS INC., a Canadian corporation, and easyDNS Technologies, a Canadian corporation, herein, and allege as follows:

1

## JURISDICTION AND VENUE

1. This is an action for damages and injunctive relief under relevant provisions of the U.S. Code, the Florida Statutes, and common law.

2. This Court has personal jurisdiction over Defendants by reason of their transaction and conducting of business and/or residency in the State of Florida and in this District and their commission of tortuous acts within this District, through at least the fully interactive, commercial Internet website(s) operating under the Subject Domain Names.

3. This Court has jurisdiction over the federal claims which are the subject of this action and which arise under 15 U.S.C. §1051 et seq., including 15 U.S.C. §1114, 15 U.S.C. §1117, and 15 U.S.C. §1125.

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 and 1338 and 15 U.S.C. § 1121(a).

5. This Court has supplemental jurisdiction to decide state law claims pursuant to 28 USC. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PARTIES

7. Plaintiff, RUSSELL KROBOTH, is a citizen and resident of the State of North Carolina, with a business address of 3124 Chancery Place, Raleigh, NC 27607, in Wake County, NC, who operates an internet-based business under his registered trademark, Spottalk.

8. Defendant, YAK AMERICA, INC. is a Florida corporation with a principal business address of 300 71st Street, Suite 500, Miami Beach, Florida, 33141, which is currently conducting an internet-based business under the name Spot Talk.

9. Defendant PROFITEC, INC. is a Connecticut corporation with a principal business address of

One Barnes Park South, Wallingford, CT 06492, and handles payments for YAK AMERICA utilizing the infringing Spot Talk logo and name.

10. CIPHERNETWORKS INC. is a Canadian corporation, with a principal business address of 4950 Yonge Street Suite 900, North York, Ontario M2N 6K1, CANADA, who claims to be owner of the domain name, "spottalk.net," which is utilized by Yak America, Inc.

11. easyDNS Technologies is a Canadian corporation, with a principal business address of 304A - 219 Dufferin St., Toronto, ON M6K 3J1, which is the registrar of the infringing "spottalk.net" domain registration.

12. CHARLES J. ZWEBNER is the President and Director of Defendant YAK AMERICA, INC.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff is actively engaged in developing telecommunications services that allow consumers throughout the United States and abroad to communicate with one another in various ways utilizing software on the Internet.

14. Plaintiff has used the mark SPOTTALK as the name for his business and the name for his telecommunications services since at least March 22, 2002.

15. Plaintiff is the owner of U.S. Trademark Registration No. 3744134 for the mark SPOTTALK, in classes 38 and 42, for use in connection with telecommunication services and technological services with a first use date of March 22, 2002.

16. The registration for the SPOTTALK mark is valid and in full force and effect. It serves as prima facie evidence of (1) the validity of the mark, and (2) Plaintiff's exclusive rights to use the mark in connection with goods and services.

17. Plaintiff has marketed and used the SPOTTALK mark extensively and continuously since March

22, 2002, with success and recognition.

18. On or about March 20, 2002 Plaintiff established a website with a url address of spottalk.com, and marketed its telecommunication products from that site.

19. Plaintiff's extensive promotion and use of the SPOTTALK mark has made the mark well known and has identified and distinguished Plaintiff's telecommunication services.

20. Defendant, YAK AMERICA, INC., is not and has never been authorized by Plaintiff, and is not and has never been entitled, to use the SPOTTALK mark in connection with any business or service.

21. Defendant provides a variety of telecommunications services that allow consumers throughout the United States and abroad to communicate with one another.

22. Both Plaintiff and Defendant primarily market and distribute their respective telecommunications services through Internet websites to consumers throughout the United States and abroad.

23. The telecommunications services of both Plaintiff and defendant are provided to the same class of consumer—those being consumers seeking various ways to communicate with others through telecommunications services.

24. On or around January 2009, Defendant began identifying itself as "Spot Talk" and began identifying the telecommunications services it provides as services provided by "Spot Talk."

25. On or about January 2009, Defendant established a website with a url address of **spottalk.net**, and marketed its telecommunications products from that site.

26. On or around January 2009, Defendant began publishing marketing materials and communications for its consumers using the name "Spot Talk" to describe itself and its offered services.

27. Defendant's name "Spot Talk" shares an identical sound and almost identically strong similarity of meaning. Defendant's use of "Spot Talk" for its telecommunications services is deceptively and

confusingly similar to Plaintiff's long-standing trademark for telecommunications services.

28. Plaintiff has received numerous communications from Defendant's customers, who have actual confusion over the two entities, because of the use by both of the mark, "SPOTTALK."

29. Defendant ZEBNER is an officer of Defendant YAK. Upon information and belief, ZEBNER actively participated as a moving force in the decision to engage in the acts alleged herein, or otherwise caused the acts to occur by registering the **spottalk.net** domain, and directing infringing activities on the part of the Defendants.

30. On March 14, 2009, Plaintiff informed Defendant by email of Plaintiff's rights to the SPOTTALK mark and advised Defendant to cease and desist from any infringing use of the mark.

31. On March 20, 2009, Plaintiff again informed Defendant by certified mail of Plaintiff's rights to the SPOTTALK mark and likewise advised Defendant to cease and desist from any infringing use of the mark.

32. On June 1, 2009, Plaintiff sent another written notice by certified mail to Defendant demanding that Defendant immediately cease and desist from all infringing use of the SPOTTALK mark.

33. On or about August 17, 2010, Plaintiff filed a lawsuit against YAK AMERICA, INC. for Trademark Infringement, Cyberpiracy, and False Description in the U.S. District Court for the Middle District of North Carolina.

34. Defendant responded with a Motion to Dismiss for lack of jurisdiction, among other arguments, on October 18, 2010, and Plaintiff voluntarily dismissed its Complaint on November 10, 2010.

35. Plaintiff served another Cease and Desist letter upon three defendants on or about August 22, 2011. (CIPHERNETWORKS, INC. refused to accept its certified letter).

36. Plaintiff thereafter brought this action.

37.     Defendant's use of Plaintiff's SPOTTALK mark is likely to continue to cause confusion, mistake, and/or deception in the minds of the consuming public.

38.     Defendant has used and is continuing to use the SPOTTALK mark with constructive and actual knowledge of Plaintiff's prior rights with the actual, willful, bad faith intent to confuse and mislead public consumers.

39.     Although Defendant sells its telecommunications services on **spottalk.net** and controls the content of **spottalk.net**, Defendant has provided the domain registrar a contact name and address of another corporation, CIPHERNETWORKS, INC., of 4950 Yonge Street, Suite 900, North York, Ontario, M2N 6K1, Canada.

40.     The foregoing is not the name or business address of Yak America, Inc., or its registered agent, CHARLES J. ZWEBNER, of Miami Beach, Florida (300 71st Street, Suite 500, Miami Beach, Florida 33141, USA). Defendant has thus provided false and misleading contact information to the domain name registrar in the process of registering and maintaining the domain it is using to sell its telecommunications services.

41.     Defendant's use of the domain name spottalk.net, which is identical in its second-level-domain to Plaintiff's domain name spottalk.com, constitutes an effort to intentionally direct consumers away from Plaintiff's authorized website.

42.     Defendant's use of the phrase "Talk on the Spot" on its website, **spottalk.net**, is identical to a phrase used on Plaintiff's **spottalk.com** website and thus constitutes further effort by Defendant to intentionally direct consumers away from Plaintiff's authorized website.

43.     Defendant's claim on its **spottalk.net** website that Defendant is the exclusive owner of all names, trademarks, trade names, service marks and any copyright material relating to its services

constitutes a material misrepresentation of fact, since the name SPOTTALK is owned by Plaintiff.

44. Defendant's infringement constitutes a willful and malicious violation of Plaintiff's trademark rights aimed at profiting by stealing Plaintiff's long-standing corporate identity, and preventing Plaintiff from continuing to build his business around a mark Plaintiff has long possessed.

45. On information and belief, Defendants have programmed specific metatags and keywords into the **spottalk.net** website designed to indicate to search engines and visitors that the SPOTTALK name is owned by YAK AMERICA INC., instead of owned by Plaintiff.

46. Defendant's promotional activities on the internet have caused Plaintiff's website, spottalk.com, to move from the most desirable first position under the major search engines to the much less desirable second position. If Defendants had not inserted established the infringing website **spottalk.net** on the internet, Plaintiff's registered trademark would have that all-important first position.

47. Defendant's use for the name "Spot Talk" in its products promotion, advertising and documentation on its website and marketing constitutes the use in commerce of a colorable imitation, copy and reproduction of Plaintiff's SPOTTALK mark.

48. Defendant's infringement is presumed willful for purposes of determining relief, since Defendant provided false contact information to the domain registrar for the domain spottalk.net, pursuant to 15 U.S.C. § 1117(e).

49. Defendant's infringement is also presumed willful for purposes of determining relief, since it has continued to infringe on Plaintiff's mark after receiving ceased and desist letters on March 14, 2009, March 20, 2009, June 1, 2009, and August 19, 2011.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### VS. ALL DEFENDANTS

50. Count I is a claim against all Defendants for infringement of Plaintiff's federally registered mark

arising under the Trademark Act of 1946 (Lanham Act) (as amended), 15 U.S.C. Section 1051, et seq.

51. Plaintiff repeats and realleges the averments contained in Paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth again at length.

52. Defendant's use of the term "Spot Talk" is likely to cause confusion, mistake and deception of the consuming public as to the identity and origin of Plaintiff's services, constituting infringement of Plaintiff's federally registered mark.

53. Defendant's infringement is presumed willful for purposes of determining relief, since Defendant provided false contact information to the domain registrar for the domain spottalk.net, pursuant to 15 U.S.C. § 1117(e).

54. Defendant's infringement is also willful because Defendants have continued with their infringing actions after receiving multiple formal notifications to cease and desist by Plaintiff.

55. By reason of all the foregoing, Plaintiff is being irreparably damaged by Defendants' activities in the manner set forth above, and will continue to be irreparably damaged unless Defendants are enjoined from the aforesaid acts. Plaintiffs have no adequate remedy at law.

## COUNT II: FEDERAL DILUTION
## VS. ALL DEFENDANTS

56. Count II is a claim against all Defendants for federal dilution of Plaintiff's federally registered SPOTTALK mark, under Section 43(c) of the Lanham Act (as amended), 15 U.S.C. Section 1125(c).

57. Plaintiff repeats and realleges the averments contained in Paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth again at length.

58. By reason of all the foregoing, Plaintiffs are being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from the

aforesaid acts. Plaintiffs have no adequate remedy at law.

## COUNT III: TRADE NAME INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN VS. ALL DEFENDANTS

59. Count III is a claim against all Defendants for infringement of Plaintiffs' rights in and to the trade name SPOTTALK, and for false designations of origin and false descriptions and representations arising from Defendants' use of the trade name and service mark under Section 43(a) of the Lanham Act (as amended), 14 U.S. C. Section 1125(a).

60. Plaintiff repeats and realleges the averments contained in Paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth again at length.

61. The Defendants' use of the mark at issue without notification to the public of its ownership, constitutes false designation of origin, false and misleading representation of fact, and/or passing off which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association, or as to origin, sponsorship, or approval.

62. The foregoing acts and conduct of Defendants constitute false designation of origin and infringement of Plaintiffs' trade name and constitute false descriptions and representations.

63. The foregoing acts and conduct of Defendants constitute willful and deliberate infringement of Plaintiff's trade name as well as false designations of origin and false description and representations in violation of Section 43(a) of the Lanham Act, 15 U.S. C. Section 1125(a).

64. By reason of all of the foregoing, Plaintiffs are being damaged by Defendants' activities in the manner set forth above and will continue to irreparably harm Plaintiff and its property rights, goodwill and business reputation unless Defendants are enjoined from continuing to commit the aforesaid acts. Plaintiffs have no adequate remedy at law.

## COUNT IV: TRADEMARK CYBERPIRACY
## VS. ALL DEFENDANTS

65.  Count IV is a claim against all Defendants for violation of the Trademark Cyberpiracy Prevention Act, under 15 U.S.C. Section 1125(d).

66.  Plaintiff repeats and realleges the averments contained in Paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth again at length.

67.  On information and belief, Defendants obtained their website, spottalk.net, with full knowledge of the existence of Plaintiff's website spottalk.com.

68.  By use of the website spottalk.net, Defendants have benefited from the goodwill of Plaintiff's mark.

69.  The aforementioned activities of Defendants constitute the bad faith unauthorized acquisition, registration, use and trafficking in a domain name that incorporates the identical designation Spottalk, and which is otherwise confusingly similar to Plaintiff's distinctive trade name and trademark, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. Section 1125(d).

## COUNT V: FLORIDA UNFAIR COMPETITION
## VS. ALL DEFENDANTS

70.  Count V is a common law claim for Unfair Competition under the common law of the State of Florida and federal common law.

71.  Plaintiff repeats and realleges the averments contained in Paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth again at length.

72.  Defendants' use of the Trademark in the conduct of its business is a misappropriation of Plaintiff's Trademark, and constitutes unfair competition.

73.  On information and belief, Defendant CHARLES ZWEBNER actively participated and

authorized, controlled, ratified, and was the moving, active and conscious force behind Defendants' selection of the domain spottalk.net, and the trade name and mark, SPOTTALK, since through YAK, he directed CIPHERNETWORKS to register said domain name.

74. Defendants' use of the mark is likely to cause confusion or mistake or to deceive as to the source of origin or Defendants' services.

75. Defendants acted with malice and/or with the willful and wanton disregard of Plaintiff's rights in unlawfully misappropriated mark, and otherwise advertising its services using the domain name spottalk.net, knowing that this would result in consumer confusion and/or deceive consumers as to the source or origin of Defendants' services. Accordingly, Plaintiff is entitled to punitive damages against Defendants, individually, jointly and severally.

76. As a result of Defendants' actions, Plaintiff has been damaged.

### COUNT VI: FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. 1125(a) VS. ALL DEFENDANTS

77. Count VI is a claim against all defendants for unfair competition under 15 U.S.C. Section 1125 (a).

78. Plaintiff repeats and realleges the averments contained in Paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth again at length.

79. Defendant's use of the term "Spot Talk" to promote, market, or sell telecommunications services in direct competition with Plaintiff's telecommunications services constitutes Unfair Competition, pursuant to 15 U.S.C. 1125(a).

80. Defendant's use of the term "Spot Talk" is likely to cause confusion, mistake, and deception among consumers. Defendant's unfair competition has caused and will continue to cause damage to

Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

81. On information and belief, Defendant CHARLES ZWEBNER actively participated and authorized, controlled, ratified, and was the moving, active and conscious force behind Defendants' selection of the domain spottalk.net, and the trade name and mark, SPOTTALK, since through YAK, he directed CIPHERNETWORKS to register said domain name.

82. Defendants' use of the mark is likely to cause confusion or mistake or to deceive as to the source of origin or Defendants' services.

83. Defendants acted with malice and/or with the willful and wanton disregard of Plaintiff's rights in unlawfully misappropriated mark, and otherwise advertising its services using the domain name spottalk.net, knowing that this would result in consumer confusion and/or deceive consumers as to the source or origin of Defendants' services. Accordingly, Plaintiff is entitled to punitive damages against Defendants, individually, jointly and severally.

84. As a result of Defendants' actions, Plaintiff has been damaged.

85. Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant, pursuant to 15 U.S.C. § 1116(a). Plaintiff is also entitled to Defendant's profits (trebled) or Plaintiff's damages trebled, whichever is greater, and to recover reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1117(a) and (b).

86. Plaintiff is entitled to elect statutory damages of not less than $500 or more than $100,000; or, damages not to exceed $1,000,000 for Defendant's willful violation, pursuant to 15 U.S.C. § 1117(c)(1)-(2).

### COUNT VII: FLORIDA TRADEMARK DILUTION
### VS. ALL DEFENDANTS

87. Count VII is a claim against all Defendants for dilution of Plaintiff's federally registered marks under F.S. Section 495.151.

88. Plaintiff repeats and realleges the averments contained in Paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth again at length.

89. By reason of all the foregoing, Defendants are engaged in acts which are diluting the distinctive quality of Plaintiff's mark, which are promoted by internet throughout the State of Florida, and are causing confusion and injury to Plaintiff.

90. Defendants willfully intended to trade on the owner's reputation or to cause dilution of the Plaintiff's mark, entitling Plaintiff to injunctive relief under Florida law.

91. By reason of all the foregoing, Plaintiffs are being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from the aforesaid acts. Plaintiffs have no adequate remedy at law.

### COUNT VIII: VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT VS. ALL DEFENDANTS

92. Count VIII is a claim against all Defendants for deceptive and unfair trade practices under F.S. Section 501.204.

93. Plaintiff repeats and realleges the averments contained in Paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth again at length.

94. By reason of all the foregoing, Defendants' actions are likely to deceive and mislead the public and create a likelihood of confusion.

95. By reason of all the foregoing, Defendants have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of their trade or

commerce, through Defendants' infringing activities.

96. Defendants' actions constitute willfully unfair and deceptive conduct, and Plaintiffs are being damaged unless Defendants are enjoined from the aforesaid acts. Plaintiffs have no adequate remedy at law.

**WHEREFORE, Plaintiff prays this Court for the following relief:**

A. An Order permanently enjoining and restraining each of the Defendants and its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using the designation Spottalk, either alone or in combination with other designation(s), and any other designations which are confusingly similar to Plaintiff's mark or trade name, or any trade name of Plaintiff incorporating the designation Spottalk, as trade names, company names, service marks, trademarks, internet domain names or other URL's or in any other manner in connection with the advertising, promotion, offering for sale, sale and/or rendering of telecommunication services, and/or any other related goods or services.

B. An Order permanently enjoining and restraining each of the Defendants and its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using any false descriptions or representations or any false designations of origin or from committing any acts of federal or state dilution or from otherwise engaging in any acts of deceptive or unfair trade practices or unfair competition with respect to Plaintiffs or Plaintiff's trade name incorporating the designation Spottalk in connection with the advertising, promotion, offering for sale, sale, and/or rendering of telecommunication services, and/or any other related goods or services, or using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's

SPOTTALK mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's services or his connectedness to Defendant.

C. An award to Plaintiff against Defendants jointly and severally for Defendants' profits and Plaintiffs' actual damages and/or if elected by Plaintiffs, statutory damages pursuant to Section 35(d) and 43(d) of the Lanham Act, 15 U.S. C. Sections 1117(a), 1117(d) and 1125(d);

D. A trebling of the damages and profits awarded to Plaintiffs on account of Defendants' willful infringement of Plaintiff's mark and Plaintiff's trade names pursuant to 15 U.S.C. § 1117(a) and (b);

E. An award to Plaintiff against defendants jointly and severally of such punitive damages as are appropriate in view of the willful conduct on the part of Defendants;

F. An award to Plaintiffs against Defendants jointly and severally of Plaintiffs' costs in this action including Plaintiffs' reasonable attorneys fees; and

G. Defendant be held liable for statutory damages of not less than $1,000 and not more than $100,000, as the Court considers just, pursuant to 15 U.S.C. § 1117(d).

H. Defendant be required to immediately transfer to Plaintiff ownership and registration of the domain name **spottalk.net** and any other name that contains Plaintiff's SPOTTALK mark, or any confusingly similar variation of the mark, pursuant to 15 U.S.C. § 1125(d)(1)(C).

I. Defendant be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

J. Plaintiff be granted any other remedy to which Plaintiff may be entitled, as provided under 15 U.S.C. §§ 1116 and 1117, or under State law.

JURY TRIAL RESPECTFULLY DEMANDED

Signed this the 4th day of October, 2011.

By: /s/ *signature*
Kelley Roark, Esq.
Attorney for Plaintiff
Kelley Roark P.A.
2915 Biscayne Blvd., Suite 300
Miami, FL 33137
(305) 469-4460
Fax: (305) 372-0836

## VERIFICATION

I, Russell Kroboth, first being duly sworn, depose and say that I am the Plaintiff named in the foregoing action; that I have read the foregoing instrument and I know the contents thereof and that the same is true of my own knowledge, except as to those matters and things therein alleged upon information and belief and as to those, I believe them to be true.

Russell Kroboth, Plaintiff

STATE OF North Carolina

COUNTY OF Wake

Sworn to and subscribed before me this the 4th day of October, 2011 by Russell Kroboth, who presented NC DL as identification, and did take an oath.

NOTARY PUBLIC – Signature

NOTARY PUBLIC – Printed Name
JOE J. PORAN

My Commission Expires: October 4th, 2016