UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 11-CIV-23716-Ungaro

RUSSELL KROBOTH,
Plaintiff,

v.

YAK AMERICA, INC., a
Florida corporation,

PROFITEC, INC., a Connecticut
Corporation,

CIPHERNETWORKS INC., a
Canadian corporation,

easyDNS Technologies, a
Canadian corporation,

and

CHARLES ZWEBNER,
Individually,

Defendants.
_____/

### FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION
### AGAINST DEFENDANT easyDNS TECHNOLOGIES

THIS MATTER having come before the Court upon motion by RUSSELL KROBOTH, ("Kroboth" or "Plaintiff") for entry of final default judgment of its claims against Defendant easyDNS Technologies ("Defendant") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and the Court having considered the moving papers and there being no opposition thereto;

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Final Default Judgment is

CIVIL ACTION NO. 11-CIV-23716-Ungaro

GRANTED, and judgment is hereby entered in favor of Plaintiff Kroboth, with his principal place of business in the United States located at 3124 Chancery Place, Raleigh, NC 27607 and against Defendant easyDNS on all Counts of the Complaint as follows:

**(1) Permanent Injunctive Relief:**

Defendant and its respective officers, agents, servants, employees, and attorneys, and all persons acting in concert and participation with them are hereby permanently enjoined from maintaining the registration of the domain name, "**spottalk.net**" on behalf of Yak America, Inc. or any related entity on behalf of Yak America, Inc. including Ciphernetworks, Inc., or otherwise unfairly competing with Plaintiff; and are enjoined from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein, and

    a. Defendant easyDNS and its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them are prohibited from using the designation Spottalk, either alone or in combination with other designation(s), and any other designations which are confusingly similar to Plaintiff's mark or trade name, or any trade name of Plaintiff incorporating the designation Spottalk, as trade names, company names, service marks, trademarks, internet domain names or other URL's or in any other manner in connection with the advertising, promotion, offering for sale, sale and/or rendering of telecommunication services, and/or any other related goods or services, and

(2) are prohibited from using any false descriptions or representations or any false designations of origin or from committing any acts of federal or state dilution or from otherwise engaging in any acts of deceptive or unfair trade practices or unfair competition with respect to Plaintiffs or

CIVIL ACTION NO. 11-CIV-23716-Ungaro

Plaintiff's mark incorporating the designation Spottalk in connection with the advertising, promotion, offering for sale, sale, and/or rendering of telecommunication services, and/or any other related goods or services, or using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's SPOTTALK mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's services.

(3) **Additional Equitable Relief:**

In order to give practical effect to the Permanent Injunction, this Court orders the following:

A. Defendant easyDNS is ordered to immediately transfer to Plaintiff's ownership and control the registration of the domain name **spottalk.net** and any other name that contains Plaintiff's **SPOTTALK** mark, or any confusingly similar variation of the mark, pursuant to 15 U.S.C. § 1125(d)(1)(C), within ten (10) days of this Court's order.

B. Defendant easyDNS is ordered to ensure that the top level domain (TLD) Registry for the Subject Domain Names **spottalk.net**, and any other domain name with the name "spottalk" combined with any other suffix, within thirty (30) days of receipt of this Order, shall place the Subject Domain Name(s) on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted. The Lock status and Registry hold status should remain in effect during the pendency of the remaining registry period.

C. Defendant easyDNS is ordered to file with the Court and serve on Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant easyDNS has complied with the injunction; and

CIVIL ACTION NO. 11-CIV-23716-Ungaro

**(4) Costs and Statutory Damages.**

Plaintiff is awarded $550 in costs, together with $10,000 in Statutory Damages pursuant to 15 U.S.C. Section 1117(d). Interest from the date this action was filed shall accrue at the highest rate permitted by law.

DONE AND ORDERED in Miami, Florida this 2 day of July, 2012.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

4